MOLE v. FOLK.

1. EXCEPTION.—An exception alleging that the judgment "is entirely contrary to the facts and the law," is too general to be considered on appeal.

2. ADVERSE POSSESSION—COTENANTS—OUSTER—CASE DISTINGUISHED. The adverse possession of lands by one cotenant for the statutory period after ouster gives the possessor a good fee simple title. *Storm* v. *Fitts*, 38 S. C., 393, *distinguished*.

3. JUDGMENT—VERDICT.—The judgment of a Circuit Judge on a question of title to land, heard by consent, must be treated as the verdict of a jury, and presupposes the finding of every fact necessary to give it effect.

Before IZLAR, J., Barnwell.   Affirmed.

The facts are fully stated in the opinion of the Court. The Circuit Judge dismissed the complaint upon the ground that the action was barred by the statute of limitations. Plaintiff appeals.

*Mr. B. T. Rice*, for appellant.

*Mr. Robert Aldrich*, contra.

Oct. 1, 1895.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   This action was commenced on the 12th day of September, 1893.   Its purpose was to secure a partition between the plaintiff and defendants of a tract of land, situate in Barnwell County, in this State, so that the plaintiff might have allotted to him one-fifth part of said land, conceding that the other four-fifths thereof belonged to the defendant, Susan P. Folk.   The defendants denied that the plaintiff was entitled to any share in said lands; on the contrary, they asserted that Susan P. Folk held the same in fee simple.

Judge Izlar heard the case on an agreed statement of facts, about as follows: The lands in controversy were owned in fee simple by Hannah R. Varn, who by her last will and testament devised the same to her son, John A. Varn, for life, and at his death to such child or children as the said John A. Varn might leave at his death.   But in default of any such child or children living at the death of the said John A. Varn, then to Mary Ann Breland, who should have the same for life, and at her death, in simple to her children living at her death.   John A. Varn sold and conveyed by deed the said lands to one James Wiggins.   Thereafter, to wit: in August, 1870, the said James Wiggins conveyed the lands to one Hansford Rizer for full value, in fee simple, with full warranty, deed duly probated, wife's dower renounced, and all duly recorded in the office of the register of mesne conveyance for Barnwell County; and the said

Hansford Rizer at once occupied and possessed said lands. Hansford Rizer died intestate on 10th April, 1893, when his daughter, Susan P. Folk, by partition duly made, was allotted said lands as heir at law of said Hansford Rizer. Mrs. Folk has held said lands continuously until now. John A. Varn died in 1869, leaving no child or children; Mary Ann Breland died during the year 1877, leaving five children then living, of whom the plaintiff is one.

Upon the pleadings and this agreed statement of facts, Judge Izlar, a jury trial having been waived, decided and adjudged that Susan P. Folk "does not hold the said lands as tenant in common with the plaintiff, but as owner under an independent title," and he, therefore, dismissed plaintiff's complaint. From this judgment the plaintiff now appeals. 1. Because it was error to hold that the defendant held the lands in question by an "independent title," as the agreed statement of facts showed a tenancy in common from the year 1877, and the question was as to the effect of the statute of limitations upon the right and title of the plaintiff. 2. Because it was error to hold that the defendant, who is a tenant in common with the plaintiff, could hold adversely to her, and thus acquire a title to her interest in said premises. 3. Because there was no proof of ouster for the defendant by the plaintiff, neither could there be a presumption of ouster, as twenty years had not expired since the death of the life tenant, Mary Ann Breland, which occurred during the year A. D. 1877, at which time the plaintiff's right of action accrued. 4. Because the judgment is entirely contrary to the facts and the law.

So far as the fourth ground of appeal is concerned, it is too general to require any notice. It is overruled.

The first three grounds of appeal may be considered together. It is always well to remember, when we come to consider the effect of the statute of limitations upon title to lands, that there is a recognized difference in these cases when urged by the plaintiff as a sword by which his title

will be won, and when urged as a shield behind which a
defendant whose title is assailed screens himself. The
plaintiff seeks to obtain possession of land in the possession
of another; the defendant seeks to hold that of which he
has been in uninterrupted possession for ten years. If a
defendant's paper title was complete, he would not need
any statute of limitations; if a plaintiff's paper title was not
complete, he could not hope to take possession of the lands
of another. In the case at bar, it will be seen that the plain-
tiff, appellant, seeks to convert the possession of the land
by the defendant, respondent, as a tenant in common with
herself. On the contrary, the defendant, respondent, says:
My ancestor and myself have held this land adversely to
the world for sixteen years before suit brought, as I have
held myself for more than ten years adversely to the world.
I do not admit now, nor have I ever admitted, that I hold
this land as a child, or the successor of a child, of Mary
Ann Breland; I use my deed—that is, the deed of my an-
cestor, Hansford Rizer—to show the *extent* of my possession
and its *character*, namely, that I hold it in fee simple with
ample warranties. Appellant admits that if the possession
of said lands by the respondents was an ouster of plaintiff,
that the statute would apply, but she relies upon the recent
case of *Storm* v. *Fitts*, 38 S. C., 393, to uphold her position
that the defendant's possession of that land was in subordi-
nation to her right as a tenant in common therein. It needs
no extended remark on our part to show that when a life
estate precedes the falling in of a contingent remainder,
that no act of such life tenant can divest the estate of the
contingent remaindermen. The latter are not obliged to
act until the life estate determines. *Mosley* v. *Hawkinson*,
22 S. C., 323. But the life estate determines at that moment
there is an owner to land who had the right to sue touching
the same. Granted, that if one of a set of contingent
remaindermen is in possession of said land, such pos-
session of one is the possession of all. However, if
there should be an ouster by that one in possession, who

should hold the land ten years after such ouster, the statute is a bar. All that *Storm* v. *Fitts*, *supra*, decided was that in that case the possession was by one of the tenants in common, with no ouster of the other tenant in possession. The case at bar is widely different from *Storm* v. *Fitts*, for here Hansford Rizer entered into possession long before the death of Mary Ann Breland, which occurred in April, 1877, and the holding of Hansford Rizer was devolved upon the defendant, respondent, as his heir at law. Such being the case, the citation of the authority of the appellant fails.

The case at bar was heard by the Circuit Judge by consent, without the aid of a jury. His judgment must be treated as the verdict of a jury, which presupposes the finding of every fact necessary to give it effect.

Hence, when the Circuit Judge found that the title in defendant, respondent, was independent of that of plaintiff, appellant, it necessarily negatived the existence of any facts in plaintiff, appellant's, favor. This being so, in our consideration of this appeal we are obliged to confine ourselves to error of law in the judgment appealed from.

We fail to find any such errors of law; therefore, it is the judgment of this Court, that the judgment of the Circuit Court be affirmed.